[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#169)
This is a defamation lawsuit brought by the plaintiff, William F. Bennett ("Bennett") against the defendant Janis Messenger ("Messenger"). By pleading dated May 17, 1999, Bennett moved for summary judgment as to all ten counts of his Substitute Complaint dated February 20, 1998. Messenger objected to the motion and filed an affidavit in support of her objection. After a hearing, the court denied the motion for summary judgment on February 28, 2000. The court did not file a memorandum of decision but noted in its order that "[t]here exist multiple issues of material fact." On August 18, 2000, Bennett filed an appeal from the CT Page 14015 dismissal of the case. Pursuant to Practice Book § 64-1, this memorandum of decision is being filed.
The gist of the allegations in Bennett's Substitute Complaint are as follows:
In the First Count, Bennett asserts that Messenger on July 2, 1995 defamed him when she told the Branford Police Department that Bennett had a problem with a person named Guy Guidone. In her affidavit, Messenger denies stating that she told the police on July 2, 1995 that Bennett had a problem with Guy Guidone.
In the Second Count, Bennett claims that Messenger on September 21, 1996 accused him of "stalking" her daughter thereby defaming him and invading his right to privacy. In her affidavit, Messenger denies on September 21, 1996 accusing Bennett of stalking her daughter.
In the Third Count, Bennett asserts that Messenger defamed him on October 16, 1996 by publicly calling him a "stalker." In her affidavit, Messenger denies calling Bennett a "stalker" on October 16, 1996.
In the Fourth and Fifth Counts, Bennett alleges a civil conspiracy between Messenger and a person named William Baker to defame him and invade his privacy rights. In her affidavit, Messenger states that any statements that she made to her neighbor, William Baker, were true and made to protect her rights and those of her family.
In the Sixth Count, Bennett claims that Messenger defamed him when on October 30, 1996 she reported to the Branford Police Department that Bennett would stand in front of her doorway and listen to her family's conversations and would look into her windows and peer into her house. In her affidavit, Messenger admits making such a complaint to the police because it was true.
In the Seventh Count, Bennett claims that Messenger defamed him when she told the Branford Police Department that Bennett appeared to be quite fond of her two daughters. In her affidavit, Messenger admits making such statements to the police because it seemed to her that Bennett was taking too much interest in her older daughter and appeared fond of her younger daughter as well.
In the Eighth Count, Bennett c]aims that Messenger defamed him on October 30, 1996 by telling the Branford Police Department that he had racial problems. In the Ninth Count, he claims an invasion of privacy based on Messenger's reporting to the police that Bennett had further racial problems as a result of a black youth who was seen by Bennett with CT Page 14016 Messenger's daughter, Melissa Eldridge. In her affidavit, Messenger denies telling the Branford Police Department that Bennett was a "racist" or had "racial problems." She did inform the police that Bennett had told her daughter she should not be walking with a black male.
In the Tenth Count, Bennett alleges that Messenger defamed him on October 13, 1996 by swearing at him and telling him to stop following her children around and made another accusation to the police that he had racial problems. Messenger, in her affidavit, admits telling Bennett to stay away from her children but denies telling the police that he had "racial problems."
Summary judgment is appropriate only where the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988).
In the present case, virtually every factual and legal assertion by the plaintiff has been denied by the defendant in a sworn affidavit. In sum, the matter is replete with genuine issues of material fact such that summary judgment must be denied.
For the reasons set forth above, the motion for summary judgment is denied.
So Ordered at New Haven, Connecticut this 9th day of November, 2000.
Devlin, Judge.